UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MIDLAND MALL REALTY
HOLDING, LLC,

        Plaintiff,                    Case No. 20-11479

v.                                                Honorable Thomas L. Ludington
                                                Magistrate Judge Patricia T. Morris
MICHIGAN STORM CHEER,
INC., d/b/a AFTERSHOCK, and
TARA WIELAND,

        Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND ASSESSING DAMAGES**

On June 5, 2020, Plaintiff Midland Mall Realty Holding, LLC filed a complaint against Defendants Michigan Storm Cheer, Inc. d/b/a Aftershock and Tara Wieland, seeking damages for breach of a commercial lease agreement. ECF No. 1. Defendants were served on June 12, 2020 but have failed to make an appearance. ECF Nos. 7, 8. Default was entered against Wieland on July 9, 2020 and against Aftershock on July 24, 2020. ECF Nos. 10, 13. On October 2, 2020, Plaintiff moved for default judgment. ECF No. 16. The proof of service indicates that Defendants were served a copy of the motion the same day. *Id.* at PageID.93–94. For the reasons stated below, Plaintiff's motion will be granted in part.

**I.**

Plaintiff moves the court to enter a default judgment against Defendants pursuant to Fed. R. Civ. P. Rule 55(a)(2). Before a default judgment may be entered, a party first must obtain a default. Fed. R. Civ. P. 55(a). "Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction." *Ford Motor*

*Company v. Cross*, 441 F. Supp. 2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Here, Plaintiff properly obtained a default against Defendants. ECF Nos. 10, 13.

Federal Rule of Civil Procedure 55(b)(2) provides that upon application of the party, the court may enter a default judgment. A plaintiff seeking a default judgment from the court is "not entitled to a default judgment as of right," and courts are "required to exercise sound judicial discretion" in deciding if default judgment is proper. 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (4d ed.). "If the plaintiff's well-pleaded allegations are sufficient to support a finding of liability as to the defendant on the asserted claims, then the Court should enter a judgment in favor of the plaintiff." *J & J Sports Prods., Inc. v. B O B Lounge, LLC*, No. 17-10775, 2018 WL 300363, at *2 (E.D. Mich. Jan. 5, 2018).

While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F. Supp. 2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). Rule 55(b)(2) provides that a court "may conduct hearings . . . to determine the [applicable] amount of damages" or "establish the truth of any allegation by evidence." Thus, Rule 55 gives district courts the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on affidavits or documentary evidence. *See Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

## II.

### A.

Plaintiff is owner of the retail shopping development commonly known as the "Midland Mall." ECF No. 1 at PageID.2. Plaintiff alleges that on April 11, 2017, Aftershock and NAI Farbman, as receiver for Plaintiff, entered into a commercial lease agreement (the "Lease"). *Id.*

Wieland executed the Lease on behalf of Aftershock. *Id.* Wieland also executed a guaranty agreement (the "Guaranty") whereby she personally guaranteed Aftershock's prompt and faithful performance under the Lease. *Id.* at PageID.2–3. In exchange for the leased premises, Aftershock agreed to pay (1) a monthly minimum rent ("Minimum Rent") and (2) "a percentage of Aftershock's gross sales and charges for utilities and other services provided or arranged by the landlord" along with additional charges for late payments ("Additional Rent"). *Id.* at PageID.3. Aftershock also agreed to pay interest on all outstanding amounts. *Id.* The Lease was for a term of 60 months. ECF No. 1-2 at PageID.11

Plaintiff alleges that Defendants defaulted on their obligations and have owed an unpaid balance since at least October 2018. *Id.* at PageID.3. Plaintiff further argues that Defendants have unequivocally declared their intent not to perform by vacating the leased premises and returning the keys to an employee of Plaintiff with instructions to dispose of the remaining personal property. *Id.* at PageID.4. Plaintiff alleges three counts of breach of contract (Counts I, II, and III) and one count of promissory estoppel (Count IV). *Id.* at PageID.4–8. Based on these allegations, Plaintiff is entitled to a default judgment against Defendants for breach of the Lease and Guaranty.

**B.**

With respect to damages, Plaintiff seeks an award of $175,056.29 for unpaid and future Minimum Rent and Additional Rent with interest. Plaintiff provides the following calculation:

- $123,994.12 for damages as of May 7, 2020, consisting of Minimum Rental, Additional Rent, and interest.

- $7,473.58 for the Minimum Rental that became due on June 1, 2020 and July 1, 2020: 2 months [at] $3,736.79/month = $7,473.58. Damages for the rent that came due in the lease year ending July 31, 2020, the year in which Aftershock and Wieland breached the Lease and the Guaranty, are not future damages. [*Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 724 F. Supp. 2d 740, 757 n.10 (E.D. Mich. 2010), *aff'd*, 483 F. App'x 85 (6th Cir. 2012)].

- 3 -

- $22,420.80 (before reduction to future value) for the Minimum Rental that would have come due from August 1, 2020 through July 31, 2021: ((12 months [at] $3,906.65/month) - (the rental value of the property)) = ($46,879.80 - (12 [months] [at] $2,038.25)) = ($46,879.80 - $24,459) = $22,420.80.

- $24,459 (before reduction to future value) for the Minimum Rental that would have come due from August 1, 2021 through July 31, 2022: ((12 months [at] $4,076.50/month) - (the rental value of the property)) = ($48,918.00 - (12 months [at] $2,038.25/month)) = $48,918.00 - $24,459 = $24,459.

To reduce to present value, future damages must be divided by 1.05 for the first year of future damages and 1.10 for the second year of future damages, *Newburgh/Six Mile*, 724 F. Supp. 2d at 757, as follows:

August 1, 2020 through July 31, 2021: $22,420.80 / 1.05 = $21,353.14

August 1, 2021 through July 31, 2022: $24,459 / 1.10 = $22,235.45

In summary, Plaintiffs damages, exclusive of attorney fees and expenses, total $175,056.29, including $123,994.12 for damages as of May 7, 2020, $7,473.58 for the Minimum Rental that became due on June 1, 2020 and July 1, 2020, $21,353.14 for the Minimum Rental that would have come due from August 1, 2020 through July 31, 2021 (reduced to present value), and $22,235.45 for the Minimum Rental that would have come due from August 1, 2021 through July 31, 2022 (reduced to present value).

ECF No. 16 at PageID.89–90. Plaintiff's calculation is consistent with the affidavit of Mr. Mehran Kohansieh (Plaintiff's employee), the terms of the Lease, and Michigan law. *See* ECF No. 1-2 (Lease); ECF No. 16-2 (Kohansieh affidavit). *See also Newburgh/Six Mile*, 724 F. Supp. 2d. at 756–58 (calculating damages for commercial tenant's breach of lease under Michigan law). Plaintiff is further entitled to post-judgment interest under 28 U.S.C. § 1961.[1]

## C.

Plaintiff also requests $11,304 in attorney fees under a term of the Lease. *See* ECF No. 1-2 at PageID.20 ("Landlord shall be entitled to recover its attorney fees and expenses from Tenant

---

[1] The contractual interest rate does not apply for post-judgment purposes. *Qatar Nat. Bank v. Winmar, Inc.*, 813 F. Supp. 2d 163, 167 (D.D.C.) (holding that 28 U.S.C. § 1961 controls post-judgment interest unless the parties expressly agree otherwise), *vacated in part*, 831 F. Supp. 2d 159 (D.D.C. 2011)

to the extent incurred to enforce any of Landlord's rights under this Lease or to protect its rights.").
The Sixth Circuit has explained,

> The trial court's initial point of departure, when calculating reasonable attorney fees, is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate. The reasonableness of the hours . . . and rate . . . is determined by considering twelve factors: (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel v. City of Memphis*, 404 F.3d 404, 415–16 (6th Cir. 2005) (citation omitted).

The factors above indicate that the attorney fees sought here are unreasonable. Plaintiff is represented by Mr. Jeffrey M. Frank and Mr. David G. Michael of Lipson Neilson P.C., a law firm located in Oakland County, Michigan. Mr. Frank, a partner at the firm, has been licensed to practice in Michigan since 1992. ECF No. 16-3 at PageID.104. Mr. Michael has been licensed in Michigan since 2005. *Id.* at PageID.104. Mr. Frank's affidavit and the timesheets provided indicate that Mr. Frank billed 11.2 hours on the case while Mr. Michael billed 28.4 hours. *Id.* at PageID.104–106, 123–131. Mr. Frank's hourly rate is $350, and Mr. Michael's is $260. *Id.* at PageID.104–06.

"To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Counsel has provided a copy of the *2020 Economics of Law Practice Attorney Income and Billing Rate Summary Report*. *See* ECF No. 16 at PageID.108–21. In Michigan, the median hourly

rate of an attorney in civil litigation is $300. *Id.* at PageID.115. The median rate of an attorney with 11-15 years of practice is $280. *Id.* at PageID.113. For an attorney with 26-30 years of practice, the median rate rises to $297. In Oakland County, where Lipson Neilson is located, the median hourly rate is $300. Counsel have billed $11,304 for 39.6 hours, yielding an average hourly rate of $285.45. Because this case involved a routine lease dispute involving no complex issues of law or fact, an hourly rate of $285.45 is reasonable.

The number of hours, by contrast, are not quite as reasonable. "The party applying for an award of fees should exercise 'billing judgment' with respect to hours worked." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (internal quotation marks and citation omitted). Plaintiff has only filed a handful of pleadings in this case: the complaint, a jurisdictional statement, two requests for entry of default, and the instant motion for a default judgment. ECF Nos. 1, 6, 9, 12, 16. Neither Defendant ever filed an appearance and entries of default were entered on July 9 and July 24, 2020. ECF Nos. 10, 13. Nonetheless, the timesheets reflect an unnecessary investment of time for attorneys as skilled as Mr. Frank and Mr. Michael. For example, counsel billed approximately nine hours for preparing the complaint.[2] *See* ECF No. 16-3 at PageID.123–25. The complaint, excluding the Lease, is eight pages long and alleges ordinary contract-based counts that could not have required deep investigation. *See* ECF No. 1. Counsel also billed roughly 17 hours for preparing the instant motion.[3] *See* ECF No. 16-3 at PageID.105, 130. The briefing and affidavits in support, including formalities like captions, comprise only 30 pages.

---

[2] Nine hours is an approximation because counsel's timesheet entries often mix tasks. *See, e.g.*, ECF No. 16-3 at PageID.125 (billing 0.5 hours for "RECEIPT & REVIEW OF CORRESPONDENCE FROM CLIENT [redacted]; REVIEW AND REVISE COMPLAINT; DRAFT CORRESPONDENCE TO CLIENT").

[3] Despite billing 1.2 hours for allegedly formatting the motion consistent with this Court's guidelines, ECF No. 16-3 at PageID.130, the motion fails to comply with Local Rule 5.1, which requires all text to be in 14-point font. E.D. Mich. L.R. 5.1(a)(3).

39.6 hours of attorney time to recover unpaid rent from defaulted commercial tenants is more than necessary for skilled and competent counsel. *C.f. Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 801 (D. Md. 2010) (finding that 20.8 hours at $200 per hour was reasonable for a complaint, two motions for entry of default, and two motions for default judgment); *Faraca v. Fleet 1 Logistics, LLC*, 693 F. Supp. 2d 891, 896 (E.D. Wis. 2010) (finding that 30.25 hours and a total fee of $5,075 was reasonable for a complaint, motion for entry of default, and two motions for default judgment). Accordingly, counsel's hours will be reduced from 39.6 to 26.6, reflecting a 4.5-hour reduction for the complaint and an 8.5-hour reduction for the instant motion. *C.f. Esget v. TCM Fin. Servs. LLC*, No. 1:11-CV-00062-AWI, 2014 WL 258837, at *9 (E.D. Cal. Jan. 23, 2014) (reducing counsel's hours by 8 where counsel purportedly spent 15.3 hours preparing four motions for default judgment and one motion for reconsideration). The hourly rate of $285.45 multiplied by the adjusted number of hours, 26.6, yields a reasonable fee of $7,592.97.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for a Default Judgment, ECF No. 16, is **GRANTED IN PART**.

It is further **ORDERED** that judgment will be entered against Defendants in the amount of $175,056.29 plus post-judgment interest pursuant to 28 U.S.C. § 1961.

It is further **ORDERED** that Defendants owe Plaintiff $7,592.97 in attorney fees.

Dated: October 22, 2020                                         s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge